UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALERIE WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-6-SNLJ |
| | ) |
| JOHN POTTER, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Valerie West for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary damages in this action against defendant John Potter, Postmaster General, United States Postal Service. Plaintiff alleges that she was discriminated against on the basis of a disability, in violation of 42 U.S.C. § 2000e-5 (Title VII), 42 U.S.C. §§ 12101, *et seq.*, (Americans with Disabilities Act of 1990), and 29 U.S.C. §§ 701, *et seq.*, (Rehabilitation Act of 1973).

**Discussion**

Although plaintiff alleges that she has filed charges of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC") or other federal agency, she also states that she has not yet received a Notice of Right-to-Sue Letter. Under these circumstances, it cannot be said that

2

plaintiff has exhausted her administrative remedies, and thus, the complaint will be dismissed without prejudice.

Moreover, the Court notes that Title VII imposes liability on an employer who engages in certain discriminatory practices because of an individual's race, color, religion, sex, or national origin. As such, plaintiff's claim of discrimination on the basis of a disability fails to state a claim or cause of action under Title VII.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff has failed to exhaust her administrative remedies, and thus, the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Docs. #2 and #4] are **DENIED** as moot.

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 9th day of February, 2009.

**UNITED STATES DISTRICT JUDGE**